UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CINDERELLA WONG,<br><br>Plaintiff,<br><br>vs.<br><br>ACHAIN PLATFORM OPERATORS, EXPERTAPEXREFUND.ORG, JOHN DOES 1-100,<br><br>Defendants. | CIV. NO. 26-00471 LEK-WRP |

**ORDER: DISMISSING PLAINTIFF'S COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, AND REQUEST FOR EXPEDITED DISCOVERY; AND DENYING AS MOOT PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE BY EMAIL PURSUANT TO FED. R. CIV. P. 4(F)(3) AND PLAINTIFF'S REQUEST FOR RULING ON PREVIOUSLY FILED MOTION FOR ALTERNATIVE SERVICE BY EMAIL**

On April 24, 2026, pro se Plaintiff Cinderella Wong ("Plaintiff") filed a Complaint for Fraud, Conversion, Unjust Enrichment, and Request for Expedited Discovery ("Complaint") in the United States District Court for the Southern District of New York. [Dkt. no. 1.] On May 13, 2026, Plaintiff filed a Motion for Alternative Service by Email Pursuant to Fed. R. Civ. P. 4(f)(3) ("5/13 Motion"). [Dkt. no. 8.]

On August 20, 2026, an order was issued transferring the instant action to this district court. [Dkt. no. 12.] Plaintiff filed a document on September 18, 2026 requesting that

this Court rule on the 5/13 Motion ("9/18 Request"). [Dkt. no. 19.]

For the reasons set forth below, the Complaint is dismissed without prejudice. In other words, Plaintiff will be given the opportunity to file an amended complaint to try to cure the defects in the Complaint that are identified in this Order. Plaintiff's amended complaint must be filed by **December 28, 2026.** Further, this Court denies the 5/13 Motion and the 9/18 Request as moot.

**BACKGROUND**

Plaintiff brings this action against Defendants Achain Platform Operators ("Achain Operators") and ExpertApexRefund.org (collectively "Defendants"). [Complaint at ¶¶ 2-3.] Plaintiff describes the Achain Operators as "persons and/or entities" operating Achain, "an online cryptocurrency investment platform." [Id. at ¶ 2.] ExpertApexRefund.org is described by Plaintiff as "a website, business name, and/or related persons or entities." [Id. at ¶ 3.]

Plaintiff alleges that, in 2022, the Achain Operators induced Plaintiff to transfer to them an unspecified but "substantial" amount of "funds and cryptocurrency." See id. at ¶ 8. The Achain Operators allegedly led Plaintiff to believe that her investments on Achain had grown to over $1,600,000, but when she attempted to withdraw funds from Achain, the Achain

Operators allegedly prevented her from doing so. See id. at ¶¶ 9-11. In an attempt to recover her funds, Plaintiff allegedly contacted "persons operating ExpertApexRefund.org." [Id. at ¶ 12.] Plaintiff asserts that these persons represented that they could help her recover her assets, and, in reliance on these representations, she transferred substantial payments to ExpertApexRefund.org. She also asserts that these persons ultimately retained her payments without recovering Plaintiff's assets. See id. at ¶¶ 12-14.

On April 24, 2026, Plaintiff filed an application to proceed in forma pauperis. [Dkt. no. 2.] The district court issued an order on April 29, 2026, which granted Plaintiff leave to proceed in forma pauperis pursuant to Title 28 United States Code Section 1915. [Dkt. no. 7.]

Plaintiff asserts the following claims against Defendants: a fraud claim ("Count One"); a conversion claim ("Count Two"); and an unjust enrichment claim ("Count Three"). See id. at § IV. Plaintiff seeks: compensatory damages; interest; fees and costs; expedited discovery; and any other appropriate relief. [Id. at § VII.]

**STANDARD**

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the

> 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6). Such a dismissal may be made without notice where the claimant cannot possibly win relief."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The assumption is that the district court lacks jurisdiction. See Kokkonen, 511 U.S. at 377. Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some citations omitted).

## DISCUSSION

### I. Jurisdiction

This district court has explained that, "[e]ven after granting IFP status, . . . . [u]nder 28 U.S.C. § 1915(e)(2), the court must dismiss a complaint that fails to state a claim, seeks relief from an immune defendant, or otherwise cannot proceed." Mueller v. Soc. Sec. Admin., Civil No. 26-00114 MWJS-RT, 2026 WL 739936, at *1 (D. Hawai`i Mar. 16, 2026) (citing Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc);[1] 28 U.S.C. § 1915(e)(2)(B)). Federal courts are presumed to lack subject matter jurisdiction, and the party asserting jurisdiction bears the burden of establishing that subject matter jurisdiction is proper. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Even liberally construing Plaintiff's Complaint, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), it fails to allege facts to establish subject matter jurisdiction.

Plaintiff alleges that: "Defendants knowingly made false statements regarding investment returns, account balances, withdrawals, recovery ability, and release of funds"; [Complaint at ¶ 19;] "Defendants wrongfully exercised dominion and control

[1] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

over Plaintiff's money and cryptocurrency for their own benefit"; [id. at ¶ 21;] and "Defendants received substantial funds from Plaintiff under circumstances making retention of those funds unjust," [id. at ¶ 22]. Plaintiff alleges this conduct resulted in injury, including "direct out-of-pocket losses believed to exceed $500,000." [Id. at ¶ 25.] These allegations appear to raise claims only under state law. See id. at § IV (alleging fraud, conversion, and unjust enrichment). Therefore, this Court concludes that Plaintiff has not pled allegations that, if proven, would establish jurisdiction based on a federal question. See 28 U.S.C. § 1331.

Nor does Plaintiff allege a basis for diversity jurisdiction.

> Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. Williams v. United Airlines, Inc., 500 F.3d 1019, 1025 (9th Cir. 2007) (citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 553 (2005)); Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).

Clark v. Trisler, CIVIL NO. 22-00559 JAO-KJM, 2023 WL 11884356, at *1 (D. Hawai`i Jan. 10, 2023). An individual who is a citizen of the United States is a citizen of her state of domicile,

meaning where "she resides with the intention to remain or to which she intends to return." Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) (citation omitted). "[A] corporation is a citizen of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)). In contrast, a limited liability company ("LLC") "is a citizen of every state of which its owners/members are citizens." Id.

The Complaint does not include allegations regarding the citizenship of any of the parties. While Plaintiff alleges that she is a resident of Hawai`i, [Complaint at ¶ 1,] this Court cannot conclude, on this allegation alone, that she is a citizen of Hawai`i. See Fukuda v. Wong, Civ. No. 19-00661 ACK-WRP, 2019 WL 6907011, at *2 (D. Hawai`i Dec. 18, 2019) (discussing the differences between residency and citizenship). Nor can this Court determine the citizenship of the Achain Operators or ExpertApexRefund.org based on the allegations in the Complaint. Indeed, it is not entirely clear what these entities and/or persons are. See Complaint at ¶ 2 (alleging the Achain Operators "are persons and/or entities"); id. at ¶ 3 (alleging "ExpertApexRefund.org is a website, business name, and/or related persons or entities"). Such information about Defendants may affect this Court's jurisdiction. See Fukuda,

2019 WL 6907011, at *2 ("Moreover, the Complaint is not clear as to whether [the defendant is] an LLC or a corporation or some other entity, which is relevant to determining its citizenship."). Therefore, this Court must dismiss the Complaint for lack of jurisdiction. See In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 546 F.3d 981, 984-85 (9th Cir. 2008) ("Dismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction." (citation omitted)).

Because the Complaint must be dismissed for lack of subject matter jurisdiction, this Court does not reach the merits of Plaintiff's claims. However, because the dismissal is without prejudice, and Plaintiff is proceeding *pro se*, this Court will discuss the pleading standard that applies to Plaintiff's fraud claim, which Plaintiff should take into account if she chooses to file an amended complaint.

## II. Fraud

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "To properly plead fraud with particularity under Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent

statement, and why it is false." Davidson v. Kimberly-Clark Corp., 889 F.3d 956, 964 (9th Cir. 2018) (internal quotation marks and citations omitted).

Here, Plaintiff alleges that Defendants knowingly made false statements concerning Plaintiff's investments and ability to recover her investments and that she relied on those false statements to her detriment. See Complaint at ¶¶ 19-20. She, however, does not describe the specific statements that are at issue, nor does she state when and how Defendants' statements were conveyed to her, or why she believed that ExpertApexRefund.org could recover her funds. She also does not explain how Defendants' alleged misrepresentations induced justifiable reliance, or how the alleged misrepresentations caused her claimed losses. Her summary description contains no identification of when, beyond the year 2022, or where the alleged fraudulent conduct occurred.

If Plaintiff chooses to file an amended complaint that includes a fraud claim, she must plead her factual allegations with the particularity that Rule 9(b) requires. Otherwise, the fraud claim will likely be dismissed for failure to state a claim.

**III. Leave to Amend**

If Plaintiff chooses to pursue this case, Plaintiff must attempt to remedy the deficiencies in the Complaint by

filing an amended complaint. To do so, Plaintiff's amended complaint must explain, at a minimum: 1) the constitutional, statutory, or other legal rights she believes were violated; 2) each defendant's precise actions or inactions; 3) when each defendant acted or failed to act; 4) how each defendant's actions or inactions are connected to the alleged violations of Plaintiff's rights; and 5) the specific injuries that Plaintiff suffered as a result of the defendants' conduct. Failure to affirmatively allege that each defendant's conduct is connected to a specific injury Plaintiff suffered will likely result in such allegations being dismissed for failure to state a claim. Plaintiff's amended complaint must also explain the specific basis for this Court's jurisdiction. If Plaintiff intends to proceed on claims under state law, such as fraud, conversion, or unjust enrichment, she must allege the citizenship of all the parties in the action and that the amount in controversy exceeds $75,000. Further, if Plaintiff wishes to pursue a fraud action, Plaintiff must also follow the instructions detailed previously in this Order concerning how to properly plead fraud with particularity under Rule 9(b).

If Plaintiff chooses to file an amended complaint, she cannot incorporate any part of her original Complaint into the amended complaint by merely referring to portions of the original Complaint. Further, Plaintiff may not add new parties

or new claims to the amended complaint, unless the new parties or claims relate to the claims alleged in the original Complaint. New claims that are not related to the claims in the Complaint are subject to dismissal.

Plaintiff is cautioned that, if she chooses to file an amended complaint, she must do so by the deadline set in this Order, unless she obtains an extension of the deadline from this Court. If no amended complaint is filed by the deadline, the claims in the Complaint that were dismissed without prejudice will be dismissed with prejudice. Plaintiff would then have no remaining claims in this case, and the Clerk's Office would be directed to close the case.

Plaintiff is also cautioned that, if she files an amended complaint, the claims in the amended complaint may be dismissed with prejudice if the amended complaint fails to cure the defects identified in this Order.

**IV. Early Discovery**

Plaintiff also "requests leave to issue subpoenas to cryptocurrency exchanges and related institutions to obtain" information and documents "sufficient to identify Defendants and preserve assets." [Complaint at ¶ 24.]

> "As a general rule, discovery proceedings take place only after the defendant has been served." MG Premium Ltd. v. Does 1-20, No. C20-5134BHS, 2020 WL 1675741, at *1 (W.D. Wash. Apr. 6, 2020) (quoting Columbia Ins. Co. v.

> Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999)). Courts have made exceptions to this rule "in rare cases" such as those in which "the tortious activity occurred entirely online," allowing "limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant." Id. (quoting Columbia Ins. Co., 185 F.R.D. at 577).

Clayton v. Does, CASE NO. C23-1324JLR, 2023 WL 8449163, at *2 (W.D. Wash. Dec. 6, 2023).

Plaintiff, however, is not entitled to early discovery to attempt to remedy a facially deficient complaint; a plaintiff "must satisfy the pleading requirements of [Federal Rule of Civil Procedure] 8 **before** the discovery stage, not after it." See Mujica v. AirScan, Inc., 771 F.3d 580, 593 (9th Cir. 2014) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937 (2009)). Even if Plaintiff had satisfied the pleading requirements sufficient to conduct early discovery, she does not identify which cryptocurrency exchanges and related institutions she wants to seek discovery from. The breadth of her request would amount to an impermissible fishing expedition. Plaintiff may renew her request for early discovery if her amended complaint survives the screening process. The renewed request must identify the specific persons or entities she seeks discovery from and the information that she seeks from those persons or entities.

## V. The Remaining Filings

In light of the dismissal of the Complaint without prejudice, this Court denies the 5/13 Motion and the 9/18 Request as moot. This Court makes no findings or conclusions regarding the issues raised in those filings. The denial of the 5/13 Motion and the 9/18 Request is without prejudice to the filing of similar motions or requests, if such filings later become appropriate based on the posture of the instant case.

## CONCLUSION

On the basis of the foregoing, Plaintiff’s Complaint for Fraud, Conversion, Unjust Enrichment, and Request for Expedited Discovery, filed April 24, 2026, is DISMISSED. The dismissal is WITHOUT PREJUDICE to the filing of an amended complaint that cures the defects identified in this Order. If Plaintiff chooses to file an amended complaint, she must do so by **December 28, 2026.** The amended complaint must comply with the terms of this Order. Plaintiff is CAUTIONED that, if she fails to file an amended complaint by **December 28, 2026**, the Complaint will be dismissed with prejudice on **December 29, 2026.**

In addition, this Court DENIES AS MOOT Plaintiff’s Motion for Alternative Service by Email Pursuant to Fed. R. Civ. P. 4(f)(3), filed May 13, 2026, and Plaintiff’s Request for Ruling on Previously Filed Motion for Alternative Service by Email, filed September 18, 2026.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 28, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**CINDERELLA WONG VS. ACHAIN PLATFORM OPERATORS, ET AL.; CV 26-00471 LEK-WRP; ORDER: DISMISSING PLAINTIFF'S COMPLAINT FOR FRAUD, CONVERSION, UNJUST ENRICHMENT, AND REQUEST FOR EXPEDITED DISCOVERY; AND DENYING AS MOOT PLAINTIFF'S MOTION FOR ALTERNATIVE SERICE BY EMAIL PURSUANT TO FED. R. CIV. P. 4(F)(3) AND PLAINTIFF'S REQUEST FOR RULING ON PREVIOUSLY FILED MOTION FOR ALTERNATIVE SERVICE BY EMAIL**